UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ISIAH TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENEVIEVE CRAGGS, TYLER SMITH, STEVEN B. WOLFSON, JASMIN LILLY-SPELLS, JORDAN S. SAVAGE,<br><br>　　　　　Defendants. | Case No. 2:24-cv-00496-APG-EJY<br><br>**REPORT and RECOMMENDATION** |

Pending before the Court is Plaintiff's Complaint together with his application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1-1, 7.

**I.  Application to Proceed *in forma pauperis***

Plaintiff submitted the affidavit and documentation required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 7. However, because Plaintiff must raise any claims he has through a habeas corpus petition, the Court recommends Plaintiff's *in forma pauperis* application be dismissed without prejudice.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court

dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    Analysis of Plaintiff's Complaint

####    A.    Plaintiff's Claims are *Heck*-barred.

Plaintiff's Complaint asserts violations of his Due Process and Equal Protection rights in an effort to attack the validity of his underlying conviction. ECF No. 1-1 at 2-6. The Civil Rights Act of 1871, codified as amended at 42 U.S.C. § 1983, creates a private right of action for any party that has been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, in analyzing which types of claims can be brought under 42 U.S.C. § 1983, held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. "It would wholly frustrate explicit congressional intent" to allow plaintiffs to evade the exhaustion requirement of an application for a writ of habeas corpus by labeling their request as a § 1983 claim. *Preiser*, 411 U.S. at 489-490. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

The Court finds that because Plaintiff seeks to challenge the validity of his prior conviction, these claims are *Heck*-barred. Plaintiff cannot obtain the relief he seeks in a suit brought under § 1983. Instead, the proper vehicle for Plaintiff's requested relief is an application for a writ of habeas corpus under 28 U.S.C. § 2254.

B.  **All Defendants are Immune from Suit.**

In addition to Plaintiff seeking relief under the wrong statutory scheme, Plaintiff asserts claims against immune defendants. Deputy district attorneys, the Clark County District Attorney, and Clark County District Court judges are immune from suit. Public Defenders are not state actors and, therefore, are not properly sued under 42 U.S.C. § 1983.

"Prosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions." *Knight v. Las Vegas Det. Ctr.*, Case No. 2:08-CV-00308-RCJ-GWF, 2009 WL 3075359, at *3 (D. Nev. Sept. 22, 2009), *citing Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiff's allegations against Deputy District Attorneys Genevieve Craggs and Tyler Smith, and Clark County District Attorney Steven B. Wolfson arise from the prosecution of Plaintiff's criminal proceedings. ECF No. 1-1 at 2-4. Therefore, Plaintiff's claims against these Defendants fail as a matter of law.

"Judges are absolutely immune from damages actions" when the actions complained of are taken "within the jurisdiction of their courts." *Knight*, 2009 WL 3075359, at *3, *citing Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988); *Imbler*, 424 U.S. at 418. Plaintiff's claims against Judge Lilly-Spells fail because all allegations in Plaintiff's Complaint pertain to judicial acts taken during Plaintiff's criminal proceedings. ECF No. 1-1 at 3-5.

Public Defenders are immune from suit because they "are private individuals who do not act under the color of state law when representing criminal defendants." *Cohan v. Glasgau*, Case No. 2:21-CV-01171-GMN-NJK, 2021 WL 3723161, at *2 (D. Nev. Aug. 20, 2021) *citing Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff does not articulate how "Defendant's conduct fell outside the traditional functions of a public defender" thereby failing to assert Defendant acted under color of state law, which precludes claims under § 1983. *Bernard-Ex v. Molinar*, Case No. 2:21-CV-00704-APG-NJK, 2021 WL 4055479, at *2 (D. Nev. June 8, 2021).

**IV.  Recommendations**

IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice, but with leave to amend so that he may raise his concerns regarding his criminal proceedings, if appropriate, under the habeas corpus statute 28 U.S.C. § 2254.

DATED this 8th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).